UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARIA R. FLORES,            )    Case No. CV 05-4328-JTL
                          )
          Plaintiff,    )
                          )
        v.          )    MEMORANDUM OPINION AND ORDER
                          )
JO ANNE B. BARNHART,      )
Commissioner of Social    )
Security,             )
                          )
         Defendant.    )
_____)

**PROCEEDINGS**

On June 17, 2005, Maria R. Flores ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for supplemental security income.  On October 5, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on December 21, 2005, defendant filed an Answer to Complaint.  On June 1, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On May 2, 2002, plaintiff filed an application for supplemental security income. (Administrative Record ["AR"] at 47-53). In her application, plaintiff claimed that, beginning on January 1, 1998, the following ailments prevented her from working: arthritis, chronic headaches, diarrhea, poor vision, and poor memory. (AR at 62). The Commissioner denied plaintiff's application for benefits. (AR at 30-35). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 37).

On May 3, 2004, the ALJ conducted a hearing in Los Angeles, California. (AR at 278-92). Plaintiff appeared at the hearing with counsel and testified. (AR at 282-88). Sandra Trost, a vocational expert, also testified. (AR at 288-91). An interpreter was also present. (AR at 278).

On October 15, 2004, the ALJ issued his decision denying benefits. (AR at 18-27). In his decision, the ALJ concluded that plaintiff suffered from a severe physical impairment of back pain but did not suffer from a severe mental impairment. (AR at 23). According to the ALJ, however, the severe back pain did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at 24). The ALJ also found that, based upon her residual functional capacity, plaintiff retained the capacity to perform her past relevant work. (AR at 26). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

On November 15, 2004, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision. (AR at 13). On March 7, 2005, the Appeals Council affirmed the ALJ's decision. (AR

at 5-7).

**PLAINTIFF'S CONTENTION**

Plaintiff claims that the ALJ failed to properly evaluate plaintiff's mental impairments.

**STANDARD OF REVIEW**

The Court reviews the ALJ's decision under 42 U.S.C. § 405(g) to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Desrosiers v. Secretary of Health & Human Servs.</u>, 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson</u>, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. <u>Green v. Heckler</u>, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.   <u>The Sequential Evaluation</u>**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42

(1987).   At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity.   <u>Bowen</u>, 482 U.S. at 140.   At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits her physical or mental ability to do basic work activities.   <u>Id.</u> at 140-41.   Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity.   <u>Id.</u> at 141.   If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.   <u>Id.</u>   If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past.   <u>Id.</u>   If the claimant cannot perform her past work, the fifth and final step determines whether she is able to perform other work in the national economy in light of her age, education and work experience.   <u>Id.</u> at 142.   The claimant is entitled to disability benefits only if she is not able to perform such work.   <u>Id.</u>

**B.   <u>Plaintiff's Mental Impairment</u>**

Plaintiff claims that the ALJ erred in finding that plaintiff's mental impairments did not constitute a severe impairment.   According to plaintiff, the ALJ ignored the evidence in the record with regard to the severity of her limitations.   Plaintiff further contends that the ALJ failed to articulate clear and convincing reasons for rejecting the uncontradicted opinions of physicians that plaintiff suffers from a severe mental impairment.   As such, plaintiff contends that the ALJ erred.

"An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities."   20 C.F.R. § 404.1521(a).   Basic work activities include the "abilities and aptitudes necessary to do most jobs," such as "understanding, carrying out, and remembering simple instructions" and "responding appropriately to supervision, co-workers and usual work conditions."   20 C.F.R. § 404.1521(b)(3)-(4); see also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988).   "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'"   Smolen, 80 F.3d at 1290 (quoting Yuckert, 841 F.2d at 306).   The severity inquiry at step two is a de minimus screening device, intended to allow the Commissioner to dispose of groundless claims.   Bowen v. Yuckert, 482 U.S. 137, 153 (1987); Smolen, 80 F.3d at 1290.

Here, two physicians evaluated plaintiff's mental impairments. On July 15, 2002, Mark D. Pierce, Ph.D., completed a Psychological Evaluation of plaintiff.   (AR at 188-94).   Dr. Pierce diagnosed plaintiff with anxiety disorder, not otherwise specified, that was moderate to severe by presentation and borderline intellectual functioning.   (AR at 193).   Overall, Dr. Pierce wrote that plaintiff "presents with significant emotional symptoms and interpersonal withdrawal, with milder cognitive challenges regarding her current capacity for work."   (Id.).   Dr. Pierce limited plaintiff to simple and repetitive tasks and minimal changes in a work environment.   (AR at 194).   Dr. Pierce further opined that plaintiff would experience mild to greater challenges working effectively with others.   (AR at

194).  State Agency physician, C.H. Dudley, M.D., found that plaintiff was not significantly limited in most categories, but moderately limited in her ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, and perform activities within a schedule, maintain regular attendance, and be punctual with customary tolerances. (AR at 196-215).  Dr. Dudley also found that plaintiff had mild limitations in activities of daily living and maintaining social functioning, and moderately limited in maintaining concentration, persistence, and pace.  (AR at 214).

The ALJ found that plaintiff suffered from mental depression but that the depression did not constitute a severe impairment.  (AR at 23).  Specifically, the ALJ noted that plaintiff's mental impairments only mildly limited her activities of daily living, social functioning, and ability to maintain concentration, persistence, and pace.  (Id.).  In his decision, the ALJ discounted the opinions of Drs. Pierce and Dudley on the ground that their opinions were not supported by any testing but was based on plaintiff's subjective complaints.  (Id.).  The ALJ discounted plaintiff's subjective complaints because he found that she lacked credibility and noted the absence of psychiatric treatment for her condition in the record. (Id. at n. 6).

The ALJ contends that Dr. Pierce's assessment was based on plaintiff's subjective complaints, which he discounted as lacking credibility.  Specifically, the ALJ noted that Dr. Pierce's examination "did not reveal any attention or concentration lapses on mental status examination or psychological testing."  (AR at 23).  Upon review of the record, however, it appears that Dr. Pierce's

assessment regarding plaintiff's attention and concentration were
based on his independent examination of her.  During the mental status
examination, Dr. Pierce observed, "[a]ttention and concentration are
fairly focused during [the] interview, if mildly deficient with
attentionally-mediated testing.  She could recall 3 digits forwards
and 2 digits backwards."  (AR at 191).  Dr. Pierce also performed a
Folstein Mini Mental Status Examination[1] on plaintiff and observed
with respect to her attention and concentration that plaintiff could
register three objects at one administration but immediately forgets
one; she could not perform serial seven subtractions from 100; and she
could not spell the word "world" either forwards or backwards.  (AR
at 191-92).  In the Wechsler Memory Scale - III,[2] Dr. Pierce note that
plaintiff "show[ed] significant challenges with auditory and working
memory performance."  (AR at 192).  Finally, Dr. Pierce administered
the Bender-Gestalt test,[3] whereby he placed plaintiff "within the
moderate-to-severely deficient range."  Dr. Pierce opined that
plaintiff "put[] forth a fair effort with testing" and that the
diagnostic and prognostic impressions are "estimated reliable and

---

[1]  "The mini mental state examination (MMSE) or Folstein
test is a brief 30-point questionnaire test that is used to
assess cognition. It is commonly used in medicine to screen for
dementia. In the time span of about 10 minutes, it samples
various functions, including arithmetic, memory and orientation."
http://www.answers.com/topic/mini-mental-state-examination.

[2]  Wechsler Memory Scale - III is "[d]esigned to assess
learning, memory, and working memory."
http://cps.nova.edu/~cpphelp/WMS-3.html.

[3]  "The Bender Visual Motor Gestalt test (or Bender-Gestalt
test) is a psychological assessment used to evaluate visual-motor
functioning, visual-perceptual skills, neurological impairment,
and emotional disturbances in children and adults ages three and
older."  http://www.healthatoz.com/healthatoz/Atoz/ency/bender-
gestalt_test.jsp

1  valid, and appear to accurately represent [plaintiff's] abilities and

2  functional level at this time." (AR at 193).

3       Thus, contrary to the ALJ's assertion, Dr. Pierce's opinion that

4  plaintiff suffered from moderate impairment of attention and

5  concentration was based on his examination of and multiple tests that

6  he performed on plaintiff. As such, the ALJ did not provide adequate

7  grounds for rejecting Dr. Pierce's opinion, and by extension, Dr.

8  Dudley's assessment on this issue. Due to the ALJ's failure to

9  adequately discount the uncontroverted assessments of the physicians,

10 the Court finds that the opinions of Drs. Pierce and Dudley that

11 plaintiff suffers from moderately diminished attention and

12 concentration appear sufficient to meet the de minimus standard that

13 must be applied to the Step Two severity inquiry. See Bowen, 482 U.S.

14 at 153; Smolen, 80 F.3d at 1290.

15 **C.   Reversal and Remand is Appropriate**

16      The choice whether to reverse and remand for further

17 administrative proceedings, or to reverse and simply award benefits,

18 is within the discretion of the Court. McAlister v. Sullivan, 888

19 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional

20 proceedings would remedy defects in the ALJ's decision, and where the

21 record should be developed more fully. Id; see also Rodriquez v.

22 Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Marcia v. Sullivan, 900 F.2d

23 172, 176 (9th Cir. 1990). An award of benefits is appropriate where

24 no useful purpose would be served by further administrative

25 proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir.

26 1995), where the record has been fully developed, see Schneider v.

27 Commissioner of the Social Security Administration, 223 F.3d 968, 976

28 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir.

1993), or where remand would unnecessarily delay the receipt of benefits. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). In this case, the Court finds remand appropriate. On remand, the ALJ should consider whether, in light of plaintiff's severe mental impairment, the impairments meets or equals a listed impairment. The ALJ must then determine whether the impairments prevent plaintiff from performing work she has performed in the past. If plaintiff cannot perform her past work, the ALJ must again determine whether she is able to perform other work in the national economy in light of her age, education, and work experience.

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

DATED: July 20, 2006

                                        /s/
                              JENNIFER T. LUM
                              UNITED STATES MAGISTRATE JUDGE